UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

EUGENE MORGAN,

               Defendant.

------------------------------------X

09 Cr. 755-01 (RWS)

SENTENCING OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-13-10

**Sweet, D.J.**

      On February 17, 2010, Eugene Morgan ("Morgan" or
"Defendant") pleaded guilty to one count of use of extortionate
means to collect an extension of credit, in violation of 18
U.S.C. § 894 and 18 U.S.C. § 2.  For the reasons set forth
below, Morgan will be sentenced to 24 months' imprisonment to be
followed by two years' supervised release.  Morgan will also be
required to forfeit proceeds of the offense in the amount of
$90,000 and pay a special assessment of $100.

**Prior Proceedings**

      On August 6, 2009, Indictment 09 CR 755-01 (RWS) was
filed in the Southern District of New York.  Count 1 charges

that from May 2007 through July 2009, in the Southern District of New York and elsewhere, Morgan and others used extortionate means to collect and to attempt to collect an extension of credit from a debtor and to punish that debtor for the non-repayment of said extension of credit, as those terms are defined in 18 U.S.C. § 891. This conduct violated 18 U.S.C. § 894 and 18 U.S.C. § 2.

On February 17 2010, Morgan appeared before the Honorable Kevin N. Fox in the Southern District of New York and allocuted to Count 1 without a plea agreement.

Morgan's sentencing is currently scheduled for October 15, 2010.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the

2

sentence to be imposed here is the result of a consideration of:

    (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)   the need for the sentence imposed —

        (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)   to afford adequate deterrence to criminal conduct;

        (C)   to protect the public from further crimes of the defendant; and

        (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)   the kinds of sentences available;

    (4)   the kinds of sentence and the sentencing range established for —

        (A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

    (5)   any pertinent policy statement . . . [issued by the Sentencing Commission];

    (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether

that sentence is a so-called Guidelines sentence or not.  See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Morgan's personal and family history.

**The Offense Conduct**

The following description draws from the PSR.  The specific facts of the underlying conduct are adopted as set forth in that report.

In May 2007, an individual (the Victim) approached Morgan about obtaining a $5,000 loan (the Loan).  After the Loan was provided to the Victim, Morgan conveyed to him, during various conversations, that an individual known as "Johnny T" would be associated with the financing and collection of the Loan to the Victim.

In June 2009, the Victim informed the FBI about the

4

extortionate loan payments that he had made and was continuing to make to Morgan.   The FBI subsequently equipped the Victim with an audio-recording device, and at their direction, the Victim recorded telephone conversations between him and Morgan. A review of these conversations showed that by late June 2009, the Victim owed approximately $90,000 in relation to the Loan, of which approximately $30,000 represented late payments.

Between June 2009 and July 2009, the Victim had recorded conversations with Morgan concerning the repayment of the Victim's loan.   The Victim often complained about the exorbitant interest payments and late fees, while Morgan stressed the need for the Victim to make timely payments. During one particular telephone conversation on June 30, 2009, Morgan told the Victim, "I personally will fucking slit your throat if you give me trouble.   I am telling you flat out.   You have borrowed this money and run this debt up and you're going to get my ass bet up for it. ... No, no more excuses.   Get the fucking money."

On July 6, 2009, at approximately 2:30 p.m., the FBI case agent arrived at 40 Lawrence Avenue in Sleepy Hollow, NY (Morgan's residence), to conduct surveillance of a meeting

5

between the Victim and Morgan.  During this meeting, the Victim was scheduled to make an extortionate loan payment to Morgan. Shortly after the Victim parked his vehicle in front of Morgan's residence, Morgan approached the vehicle and the Victim handed him a white envelope containing approximately $3,000.  During this exchange, Morgan told the Victim that the longer the Victim wanted to pay Johnny T., the higher the interest would get.

From May 2007 through July 2009, the Victim paid Morgan approximately $90,000 in connection with the Loan, which included the $5,000 principal.  On July 8, 2009, Morgan was arrested.

**The Relevant Statutory Provisions**

Pursuant to 18 U.S.C. § 894, the maximum term of imprisonment is 20 years.

If a sentence of imprisonment is imposed, the Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

Defendant is eligible for one to five years'

6

probation, pursuant to 18 U.S.C. § 3583(b)(2).

The maximum fine that may be imposed is $250,000, pursuant to 18 U.S.C. § 3571. A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

Full restitution to the victim is required under 18 U.S.C. § 3663A and 18 U.S.C. § 3664. Information concerning restitution has yet to be received from the Government.

**The Guidelines**

The November 1, 2009 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

The guideline for the violation of 18 U.S.C. § 894 is found in § 2E2.1. The base offense level for the instant offense is 20, pursuant to § 2E2.1(a).

7

Based on his plea allocution, Defendant has shown recognition of his responsibility for the offense. Pursuant to § 3E1.1(a), the offense is reduced two levels. Furthermore, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because Defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Accordingly, the applicable offense level is 17.

According to the FBI and New York State Division of Criminal Justice Services, Bureau of Identification, Defendant has no known prior criminal convictions. Therefore, he has zero criminal history points and a Criminal History Category of I.

Based on a total offense level of 17 and a Criminal History Category of I, the Guidelines range for imprisonment is 24 to 30 months.

The Guidelines range for a term of supervised release is two to three years, pursuant to § 5D1.2(a)(2). Supervised release is required if the Court imposes a term of imprisonment

of more than one year or when required by statute, pursuant to § 5D1.1(a). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required but is optional, pursuant to § 5D1.1(b).

Because the applicable guideline range is in Zone D of the Sentencing Table, Defendant is not eligible for probation, pursuant to § 5B1.1, Application Note #2.

The fine range for the instant offense is $5,000 to $50,000, pursuant to § 5E1.2(c)(3)(A) and (b). Subject to Defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,270.93 to be used for imprisonment, a monthly cost of $317.32 for supervision, and a monthly cost of $2,063.19 for community confinement.

In the case of an identifiable victim, the Court must enter a restitution order for the full amount of the victim's loss if such order is authorized under 18 U.S.C. § 3663A,

9

pursuant to § 5E1.1(a)(1).

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.  In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

## The Sentence

For the instant offense, Morgan will be sentenced to 24 months' imprisonment and 2 years' supervised release.

10

Morgan is directed to report to the nearest United States Probation Office within seventy-two hours of release to commence his term of supervised release. It is recommended that Morgan be supervised by the district of his residence.

As mandatory conditions of his supervised release, Morgan shall: (1) not commit another federal, state, or local crime; (2) not illegally possess or use a controlled substance; (3) submit to one drug testing within fifteen days of placement on probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer; (4) not possess a firearm or destructive device; and (5) cooperate in the collection of DNA as directed by the probation officer.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be

11

conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2)   Defendant shall provide the probation officer with access to any requested financial information.

(3)   Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless Defendant is in compliance with the installment payment schedule.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the Defendant is able to pay a fine, and so the fine in this case shall be waived.

A special assessment of $100, payable to the United States, is mandatory and shall be due immediately.

An Order of Restitution will be delayed for up to 90 days after the sentence is imposed in anticipation of receiving the necessary identifying information from the Government

pursuant to the provisions of 18 U.S.C. § 3663(d)(5).

Defendant shall forfeit to the United States his interest in $90,000, which represents the proceeds obtained from the offense outlined in the Indictment, pursuant to 18 U.S.C. §§ 891, 894, and 982 and 28 U.S.C. § 2461(c).

The terms of this sentence are subject to modification at the sentencing hearing scheduled for October 15, 2010.

It is so ordered.

New York, NY
October / 7 , 2010

ROBERT W. SWEET
U.S.D.J.

13